HUMMEL et al. v. GUGGENHEIM et al. (Circuit Court, S. D. New York. October 11, 1898.) George C. Lay and Thomas P. Wickes, for complainants. John P. Bennett and Joseph H. Choate, for defendants.

LACOMBE, Circuit Judge. This is a suit to set aside contract of license signed October 15th on the basis of 25,000 stamps a year for life of the patent. For discussion of the question arising reference may be had to the opinion in Huber v. Guggenheim (filed yesterday) 89 Fed. 598. Bill dismissed, with costs.

---

NORDLINGER et al. v. GUGGENHEIM et al. (Circuit Court, S. D. New York. October 11, 1898.) George C. Lay and Thomas P. Wickes, for complainants. John P. Bennett and Joseph H. Choate, for defendants.

LACOMBE, Circuit Judge. This case is similar to Huber v. Guggenheim, in which opinion was filed yesterday. 89 Fed. 598. For the reasons stated in that opinion, the bill is dismissed, with costs.

---

REICHENBACH et al. v. GUGGENHEIM et al. (Circuit Court, S. D. New York. October 11, 1898.) George C. Lay and Thomas P. Wickes, for complainants. John P. Bennett and Joseph H. Choate, for defendants.

LACOMBE, Circuit Judge.. This cause is similar to Huber v. Guggenheim, in which opinion was filed yesterday. 89 Fed. 598. The contract was signed October 16th or 17th. It was on the basis of 50,000 stamps per annum for five years, with privilege of renewal. The alleged false representations as to the validity and scope of the patent, and as to what would constitute infringement, are discussed in the Huber opinion, q. v. There is no proof of any representation that the Union contract was for the full term of the Rice patent. One of the alleged false representations relied upon is that Solomon Guggenheim assured complainants that "this was as good a contract or better than other people had." This statement appears to be accurate. The Reichenbach firm seems to have secured better terms than Huber or Pulaski had obtained. The bill is dismissed, with costs.

---

WALLACE v. LANTRY. (Circuit Court, D. Kansas, First Division. August 19, 1898.) Before WILLIAMS and PHILIPS, District Judges.

PHILIPS, District Judge. The facts, as disclosed by the pleadings and the motions and demurrers in this case, are identical with those in the case No. 7,543 (Same Receiver v. Hood, 89 Fed. 11), with the exception that the amount of stock purchased by defendant, Lantry, was 200 shares, and with the exception that there is no ground for the suggestion contained in the opinion in No. 7,543 that defendant, Lantry, was a director of the bank. For the reasons assigned in said opinion, the demurrers are sustained.